Daniel S. Szalkiewicz, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for the Plaintiff JANE DOE*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>RICARDO MUNGUIA,<br><br>       Defendant. | Case No. 24-cv-394 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF HER MOTION TO PROCEED UNDER PSEUDONYM**

## Table of Contents

**PRELIMINARY STATEMENT** ................................................................................................ 4

**FACTUAL BACKGROUND** .................................................................................................... 4

**ARGUMENT** ............................................................................................................................. 5

## Table of Authorities

**Cases**

*"Jenny" v. Reetz*, No. 23-cv-00474-JDR-SH, 2024 U.S. Dist. LEXIS 22080, at *2 (N.D. Okla. Feb. 8, 2024).................................................................................................................. 5, 6

*C.K. v. Rigueur*, (SDNY April 17, 2024 Civil Action No. 24-cv-02778-NRB)............................ 5

*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980) ..................................... 9

*Doe v Trishul Consultancy, LLC*, 2019 US Dist LEXIS 169051 (DNJ Sep. 30, 2019, Civil Action No. 18-16468 (FLW)(ZNQ)) ....................................................................................... 8

*Doe v. Megless,* 654 F.3d 404 (3d Cir. 2011) .................................................................. 6, 7, 8, 9

*Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)............................ 6

*K.I. v Tyagi*, 2024 US Dist LEXIS 15693, at *1 (D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR). 5

*S.S. v Collins*, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD]).................................................................................................................. 5

**Statutes**

15 U.S.C. § 6851............................................................................................................................. 5
Federal Rule of Civil Procedure ("FRCP") 10(a) ........................................................................... 5

Plaintiff JANE DOE, ("Plaintiff") by and through her attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this Memorandum of Law in support of her application for leave to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

In late 2022, Plaintiff learned that her ex-boyfriend had illegally posted her intimate content online without her permission or consent. From there, defendant RICARDO MUNGUIA ("Munguia" or "Defendant") took multiple images and republished them on his Pinterest account. After building the account, Defendant located and contacted Plaintiff using it for the sole purpose of harassing her.

Plaintiff does not know Defendant and has never given him permission or consent to disseminate her content. Plaintiff has worked tirelessly to erase Defendant's postings and continues to combat third party posters to this day.

The stigma and severe harm that Plaintiff would face as a result of the public disclosure of her identity in conjunction with the traumatic circumstances of the underlying harassment require that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name, her former partner will have succeeded with his goal of publicly destroying Plaintiff and she will effectively be unable to fight back against the harassment without further victimizing herself. Given the resulting lack of prejudice to Defendant, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of her Complaint and Certification; rather, she provides the following facts relevant to this application, and respectfully

directs the Court to her filed Complaint and Certification for a full recitation of her claims.

## ARGUMENT

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute **explicitly allows for a plaintiff to proceed anonymously**. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Since their enactment 15 U.S.C. § 6851, numerous federal courts have permitted Plaintiff to proceed under similar circumstances using their initials. *See S.S. v Collins*, 2023 US Dist LEXIS 128451, at *1 (DNJ July 24, 2023, Civil Action No. 23-00892-KMW-AMD); *see also K.I. v Tyagi*, 2024 US Dist LEXIS 15693, at *1 (D Md Jan. 30, 2024, No. 1:23-cv-02383-JRR); *C.K. v. Rigueur*, (SDNY April 17, 2024 Civil Action No. 24-cv-02778-NRB), annexed hereto as Exhibit 1.

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) "generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings," the Tenth Circuit has recognized certain "exceptional circumstances" when "the need for anonymity outweighs the presumption in favor of open court proceedings". *"Jenny" v. Reetz*, No. 23-cv-00474-JDR-SH, 2024 U.S. Dist. LEXIS 22080, at *2 (N.D. Okla. Feb. 8, 2024).

In *"Jenny"*, this court found there to be "exceptional circumstances" where a victims a child abuse's images were "distributed on the internet, where [the images] allegedly remain in circulation today." *Id*. The *"Jenny"* court noted that victims are often able to proceed under pseudonym even after reaching the age of majority. The victims *"Jenny"* suffer from the same

5

harms as plaintiff:

> Plaintiffs collectively state they suffer from myriad psychological issues from their abuse and its dissemination, including hyper-vigilance, paranoia, fear, anxiety, and depression. (ECF No. 8 at 3, 5, 6; ECF No. 8-1 ¶ 5; ECF No. 8-2 ¶¶ 9-11, 17; ECF No. 8-3 ¶¶ 6-8.) Plaintiffs fear that if their names become public, child pornography consumers will attempt to contact them or sexually assault them. (ECF No. 8-2 at ¶ 9; ECF No. 8-3 ¶ 6.) Plaintiffs' fears are not speculative. Plaintiffs' counsel represents that their images are still being traded online (ECF No. 8 at 2), and there is evidence that online pornography consumers discuss or inquire about certain Plaintiffs' potential locations, appearance, careers, or daily life activities (ECF No. 8-2 ¶¶ 6, 15-16). Further, one Plaintiff, "Lily," was the victim in an online stalking case
> *"Jenny", supra.*

Unfortunately, *Jane Doe* has suffered from the trading and harassment by strangers online of her images. In fact, Defendant is one of the strangers who attempted to contact plaintiff with her naked images. Plaintiff has identified at least 20 other individuals like defendant, many of which have placed online Plaintiff's profession, location, and personal images.

In order to prevail on a motion to proceed under a pseudonym, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable[.]" *Doe v. Megless*, 654 F.3d 404 (3d Cir. 2011).

While a Third Circuit case, courts in the Tenth Circuit have relied on the analysis in *Doe v. Megless* to permit a plaintiff to proceed as Doe. The Third Circuit Court of Appeals provided a list of nine factors weighing both in favor of and against proceeding anonymously. *Megless,* 654 F.3d at 410 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)). Under the *Megless* test, the factors that weigh in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether,

6

> because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.
> Id. at 409 (internal quotation marks omitted).

Conversely, the *Megless* factors weighing against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. (Id.).

There can be no doubt that the *Megless* factors weigh in favor of allowing Plaintiff to proceed using a pseudonym.

First, this litigation was commenced by Plaintiff as "JANE DOE[.]" Any public filing made by Plaintiff has been undertaken using a pseudonym. Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant. Plaintiff's name is not known to the public at large and she leads a private life. Additionally, Plaintiff has gone to great lengths to prevent her true identity from being linked to her intimate content, even using an anonymous e-mail account and fake name to effectuate removal of the content.

Second, Plaintiff has a reasonable and substantial basis for seeking to avoid disclosure of her name as the entire lawsuit relates to Defendant's dissemination of her intimate content without her permission or consent. Fear of embarrassment or economic harm are insufficient bases on which to proceed anonymously; instead "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless* at 408. Plaintiff's fears over public disclosure of her identity in this litigation meet this standard. Plaintiff is a working

professional and fears that public association of her name to the facts alleged in this lawsuit will damage the good reputation she has worked so hard to build and potentially even cause her to lose the respect of her colleagues and peers. A loss of professional respect and likely resulting economic injuries associated with that loss would severely harm Plaintiff. Plaintiff additionally reasonably fears that public disclosure of her identity in connection with the facts of this case will exacerbate these severe negative mental and emotional experiences and further re-traumatize her. Finally, Plaintiff's fear is reasonable.

Third, there is a strong public interest in protecting Plaintiff's right to anonymity. "[c]ourts have a strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization[.]" *Doe v Trishul Consultancy, LLC*, 2019 US Dist LEXIS 169051 (DNJ Sep. 30, 2019, Civil Action No. 18-16468 (FLW)(ZNQ)). If Plaintiff is forced to use her true name in this case, Defendant will forever have the upper hand due to the threat that he will upload the intimate content and/or share legal filings along with his content, creating even more interest in the images. More seriously, linking Plaintiff's full name and identifying information about her to the images jeopardizes Plaintiff's safety. Causing the filing of public documents with additional information about Plaintiff could only increase her risk of people attempting to establish contact with her virtually or in person. Requiring a party to gamble what legal actions might result in such retaliation would inevitably cause Plaintiff and "other similarly situated litigants… from litigating claims that the public would like to have litigated[.]" *Megless* 654 F.3d at 410.

Fourth, there is no real public interest in disclosing Plaintiff's name. Plaintiff is a private citizen and is not requesting the docket be sealed in its entirety. The public will still have the right to follow and access the proceeding.

8

Fifth, Plaintiff runs the daily fear of being exposed online and, without the protection of using a pseudonym, she would not have started this case.

Sixth, Plaintiff has no illegitimate ulterior motives in requesting the ability to proceed anonymously, she simply does not wish to link her name to images Defendant should have never possessed or shared in the first place.

Looking at the factors weighing against anonymity, there is always a "general interest in understanding disputes that are presented to a public forum for resolution." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). The second factor, "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[,]" *Megless*, 654 F.3d at 409, does not apply here because Plaintiff is a private citizen and there is no strong interest in her identity.

Finally, "the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated[,]" Id., also cuts in favor of this application, as no illegitimate motive can or will be identified for the actions that Plaintiff has taken in filing this lawsuit and seeking to do using a pseudonym.

As detailed in the annexed declaration, and supported by the Complaint, Plaintiff should be permitted to continue to use a pseudonym as she has done and the balancing of the interests weighs in her favor.

Dated: August 22, 2024

        Respectfully submitted,
        <u>Daniel S. Szalkiewicz, Esq.</u>
        **Daniel Szalkiewicz & Associates, P.C.**
        23 West 73rd Street, Suite 102
        New York, New York 10023
        (212) 706-1007|
        daniel@lawdss.com