UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>v.<br><br>RICARDO MUNGUIA,<br><br>   Defendant. | Case Action No. 24-cv-394-GKF-SH |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT**

Plaintiff Jane Doe ("Plaintiff"), by her attorneys, Daniel Szalkiewicz & Associates, P.C., for her Motion for Default Judgment and Brief in Support (the "Motion") to enter a default judgment against defendant Ricardo Munguia ("Defendant" or "Munguia") in the amount of $150,000.00 pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP") and LCvR55, respectfully shows the Court as follows:

**I.   PRELIMINARY STATEMENT & FACTUAL BACKGROUND**

1.   Plaintiff has never met Defendant, never communicated with him, and never sent him intimate images (DE 1 ¶¶5-6).

2.   Unfortunately for Plaintiff, Defendant gained access to intimate content she sent her now ex-boyfriend during the course of their relationship and then proceeded to create a Pinterest account, upload her intimate image onto it, and then message her and request her as a "friend" (DE 1 ¶¶19-21). Defendant did not have Plaintiff's permission or consent to upload the content (DE 1 ¶22).

3.   Because Defendant chose to undertake his harassment anonymously, Plaintiff was forced to use pre action discovery to ascertain his true identity (DE 1 ¶¶24-28).

1

4. Defendant's actions have caused Plaintiff immeasurable pain and humiliation. Defendant did not just use Plaintiff's images for his own sexually motivated interests, he took it many steps further, including by creating an account to further disseminate the content and attempt to communicate with Plaintiff, potentially to induce her to send him more photos.

5. Plaintiff's Complaint in this matter was filed on August 26, 2024 (DE 1). The Summons was issued on September 9, 2024 (DE 11).

6. On September 12, 2024, Defendant was personally served with a copy of the summons and complaint (DE 12).

7. On October 22, 2024, Plaintiff filed a Motion for Entry of Default by the Clerk as Defendant and on October 22, 2024, a Clerk's Certificate of Default was entered.

8. As of the date of filing of this Motion, Defendant has failed to plead in or defend this proceeding and are in default under Federal Rule of Civil Procedure 55(b).

9. As such, the matters alleged in the Complaint are deemed true and Plaintiff should be granted a default judgment against Defendant.

## II.     MEMORANDUM OF LAW

Fed. R. Civ. PP. 55(b)(2) "empowers the Court . . . to enter a default judgment against a defendant that has failed to plead or otherwise defend against a claim for affirmative relief." Prior to entering a default, the Court must determine whether the Court "has personal jurisdiction over the parties, including valid service of process" and whether the complaint state "a legally valid claim for relief" which is "granted on the well-pleaded facts alleged by the claimant." *Kirby v. Resmae Mortg. Corp.*, No. 14-CV-389-GKF-FHM, 2014 U.S. Dist. LEXIS 173418, at *5 (N.D. Okla. Dec. 16, 2014). Further, "the factors relevant to granting a default judgment

include '[t]he merits of plaintiff's substantive claim' and '[t]he sufficiency of the complaint.'" *Miller v. Okla. Dep't of Hum. Servs.*, No. 23-6119, 2024 U.S. App. LEXIS 13389, at *10 (10th Cir. June 4, 2024). The Tenth Circuit Court of Appeals has held that a "trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action" *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). It is respectfully requested that a default judgment is warranted in the instant action.

A. **Proof of Service**

Defendant was personally served with a copy of the summons and complaint on September 12, 2024 (DE 12). Since then, neither Defendant nor an attorney acting on his behalf has contacted our office or uploaded anything on the docket contesting service or the jurisdiction of this Court.

B. **Evidence of Jurisdiction**

Jurisdiction in the federal court is appropriate based on diversity jurisdiction because the amount in controversy in this case exceeds $75,000 and there is a complete diversity of citizenship as Plaintiff was a citizen of Virginia at the time the Complaint was filed and Defendant was and is a citizen of the State of Oklahoma. Additionally, jurisdiction in federal court is proper as the matter involves a federal question. Finally, jurisdiction in the United States District Court District of Northern Oklahoma is appropriate because Defendant resides in Tulsa, Oklahoma.

### C. Plaintiff has Properly Pleaded Several Causes of Action

Plaintiff's Complaint properly pleads two causes of action for the nonconsensual dissemination of her intimate content under state and federal law.

Plaintiff has a cause of action pursuant to 15 U.S.C. §6851 because she is:

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure…

As detailed in the Civil Action Relating to Disclosure of Intimate Images ("CARDII"), an "intimate visual depiction" is any photo, video, or other visual image, that depicts, (1) the uncovered genitals or pubic area or (2) the display or transfer of bodily sexual fluids, including an identifiable individual engaging in "sexually explicit conduct." *15 U.S.C. § 6851(a)(5)*. "Sexually explicit conduct" includes "graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person."*18 U.S.C. § 2256(2)(A)-(B)*. The complaint alleges three intimate visual depictions were shared by the Defendant:

> The image shared by Defendant was uploaded without Plaintiff's consent, and clearly shows Plaintiff's face as well as her intimate body parts. Complt. ¶22.

Plaintiff has therefore sufficiently alleged the first element of CARDII. Next, a plaintiff must allege the defendant "disclosed" the "intimate visual depiction. *See S.S. v. Collins*, Civil Action No. 23-0892 (KMW-AMD), 2024 U.S. Dist. LEXIS 135664, at *5 (D.N.J. July 31, 2024). To satisfy this element, the disclosure must be "in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce". *15 U.S.C. § 6851(b)(1)(A)*. The complaint alleges that Defendant shared her image "on the website Pinterest

4

by the account Anonyway75" (Complt. ¶19).  Posting images online "constitutes transportation in interstate commerce." *S.S., supra.*

The last element is consent.  As detailed in the attached declaration of Plaintiff, she never gave Defendant permission to share her intimate images. *See also* Complt. ¶22

Notably, 15 U.S.C. §6851(b)(3)(A) provides that an individual may recover "…liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred[.]"

Similarly, Plaintiff has a cause of action pursuant to 21 O.S. § 1040.13b because Defendant intentionally disseminated an image of Plaintiff naked and engaged in a sexual act with the intent to intimidate or coerce Plaintiff and he knew or should have known that Plaintiff did not consent to the dissemination of such content.

As detailed in the attached declaration of Plaintiff, she has never met or spoken with Defendant and never gave him permission to share her intimate content.

### D. The Default Judgment Factors Weigh in Favor of the Judgment

Defendant seems content to simply ignore and/or avoid this matter in perpetuity.  Plaintiff is prejudiced by the continued delay in Defendant filing an answer.   More so, Defendant does not have a meritorious defense.  As Plaintiff has never met much less communicated with Defendant, there is no evidence Defendant could locate that would show Plaintiff gave Defendant her consent to upload her intimate content online.

### E. Damages are Quantifiable and Plaintiff Requests the Liquidated Damages Pursuant to 15 U.S.C.S. § 6851(b)(3)(A)(i)

CARDII contains a liquidated damages section that permits "an individual may recover the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred[.]" 15 U.S.C.S. § 6851(b)(3)(A)(i).

Having established the necessary elements of a claim under CARDII, Plaintiff requests a judgment in the amount $150,000, and the cost of the action, including reasonable attorney's fees.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Default Judgment against Defendant in the amount of $150,000.00, plus pre and post judgment interest at the statutory rates on all amounts owed from Defendant and such other and further relief as this court deems just and equitable.

Plaintiff further requests that it be allowed to file the necessary documents to recover its costs and attorney fees pursuant to LCvR54.

Dated: November 11, 2024
       New York, New York

Respectfully submitted,

/s/Daniel Szalkiewicz

By: Daniel S. Szalkiewicz, Esq. (DS2323)
**Daniel Szalkiewicz & Associates, PC**
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on November 11, 2024, I caused a true and correct copy of the above and foregoing document to be placed in the United States Mails in New York, New York, with correct postage thereon prepaid addressed to

    Ricardo Munguia
    5504 S 74th East Avenue
    Tulsa, Oklahoma 74145

Dated: November 11, 2024

                                          */s/ Daniel S. Szalkiewicz*
                                          Daniel S. Szalkiewicz, Esq