IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JANE DOE,                              )
                                       )
              Plaintiff,               )
                                       )
v.                                     )        Case No. 24-CV-00394-GKF-SH
                                       )
RICARDO MUNGUIA,                       )
                                       )
              Defendant.               )

## ORDER

This matter comes before the court on the Motion for Leave to Appear Anonymously [Doc. 3] and the Motion for Default Judgment [Doc. 16] of plaintiff Jane Doe.  For the reasons set forth below, the motion for leave to appear anonymously is granted and the motion for default judgment is held in abeyance.

I.      **Background/Procedural History**

This case relates to the nonconsensual disclosure of intimate images.  Specifically, in the Complaint, plaintiff alleges as follows:  Plaintiff was previously in a long-distance relationship and, at her then-boyfriend's request, she sent him numerous still images, including those which were intimate in nature.  [Doc. 2, p. 3, ¶ 14].  It was understood between plaintiff and her then-boyfriend that the images were strictly private, and plaintiff never gave her then-boyfriend or any other person permission to share the images. [*Id.* ¶ 15].  After the couple broke up, plaintiff believed that the images would be deleted forever.  [*Id.* ¶ 16].

However, in September of 2022, plaintiff received an anonymous follower on her Pinterest account.  The follower's profile contained one picture:  an intimate image of plaintiff, which she recognized as an image she had sent to her ex-boyfriend.  [*Id.* at pp. 3-4, ¶ 17].  On or about October 10, 2022, plaintiff learned that her image had been shared on the Pinterest website by the

account Anonyway75.  [*Id.* at p. 4, ¶ 19].  The image was uploaded without plaintiff's consent and depicts plaintiff's face, as well as her intimate body parts.  [*Id.* ¶ 22].

On October 12, 2022, plaintiff requested Pinterest information relating to the account Anonyway 75.  [*Id.* ¶ 24].  In response, Pinterest provided account information indicating that the email provided for the account was anonyway75@gmail.com  [*Id.* at pp. 4-5, ¶ 25].  Plaintiff then requested information from Google, LLC relating to the account email address anonyway75@gmail.com.  [*Id.* at p. 5, ¶ 26].  Google provided plaintiff numerous IP addresses, some of which belonged to a T-Mobile account.  Plaintiff then requested account information from T-Mobile and learned that the Anonyway75 account belonged to Ricardo Munguia, 5504 S. 74th East Ave., Tulsa, Oklahoma 74145.  [*Id.* at ¶¶ 26-27].

Based on these factual allegations, plaintiff asserts three causes of action: (1) violation of 15 U.S.C. § 6851; (2) violation of Okla. Stat. tit. 21, § 1040.13b; and (3) intentional infliction of emotional distress.  [Doc. 2].

## II.     Motion for Leave to Appear Anonymously [Doc. 3]

In the motion to appear anonymously, plaintiff seeks leave to proceed in this matter under the pseudonym "Jane Doe."

As recognized by the Tenth Circuit, "'[l]awsuits are public events' and 'there is no legal right in parties . . . to be allowed anonymity.'"  *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (*M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998)).  Thus, "[t]here is no court rule or statute permitting pseudonymous pleading."  *Luo*, 71 F.4th at 1296.  However, "federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity."  *Id.* (quoting *Zavaras*, 139 F.3d at 803).  Such cases are "unusual" and "[a] plaintiff should be permitted to proceed anonymously

2

only in those exceptional cases involving matters of a highly sensitive and personal nature, real dangers of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* "[T]he need for party anonymity [must] outweigh[] the presumption of openness." *Id.*

The court concludes that exceptional circumstances exist such that plaintiff should be permitted to proceed under a pseudonym in this matter.

*First,* this case involves matters of a highly sensitive and personal nature. *Luo,* 71 F.4th at 1296. Plaintiff asserts that Mr. Munguia disclosed images of her naked body without her permission and that he did so in a way in which she could be easily identified. Public dissemination of intimate images constitutes a matter "of highly sensitive and personal nature." *See Doe v. FriendFinder Networks, Inc.*, Case No. SA-19-CV-00727-XR, 2024 WL 3423721, at *3 (W.D. Tex. June 20, 2024); *C.V. v. Carminucci,* No. 24-CV-2096-JXN-SDA, 2024 WL 3983007, at *4 (D.N.J. Aug. 28, 2024); *Doe v. Willis*, No. 23-CV-2171-REB-SBP, 2023 WL 6907100, at *2 (D. Colo. Sept. 22, 2023). In contrast, there is no significant public interest in disclosure of plaintiff' identity. *Carminucci,* 2024 WL 3983007, at *3; *Willis*, 2023 WL 6907100, at *2.

*Second,* disclosure of plaintiff's identity would exacerbate the harm sought to be remedied in this matter as disclosure would further link plaintiff with the images. *Carminucci,* 2024 WL 3983007, at *3; *Willis*, 2023 WL 6907100, at *2.

*Finally,* plaintiff brings a cause of action pursuant to 15 U.S.C. § 6851, which provides a civil action relating to the disclosure of intimate images and explicitly permits the court to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). Although limited to injunctive relief, courts have interpreted the statute as contemplating proceeding under a pseudonym and supporting the requested relief. *See*

*Carminucci,* 2024 WL 3983007, at *2; *Doe v. Ghiorso*, No. 24-CV-57, 2024 WL 3511641, at *2 (S.D. Ga. July 23, 2024).

Based on the foregoing, the court concludes that this matter constitutes an exceptional case in which the need for anonymity outweighs the presumption of openness.  Thus, plaintiff's motion for leave to appear anonymously is granted.

### III.   Motion for Default Judgment [Doc. 16]

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."  *Williams v. Life Savs. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).  "[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant."  *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)). "And 'service of process [under Fed.R.Civ.P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.'"  *Hukill*, 542 F.3d at 797 (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992)).

Plaintiff asserts that Mr. Munguia was properly served by leaving a copy of the Summons at Mr. Munguia's residence with a person of suitable age and discretion who resides at the home and by mailing a copy of the Summons to Mr. Munguia's last known address.  *See* [Doc. 12]. Pursuant to Federal Rule of Civil Procedure 4(e)(2),

> in individual . . . may be served in a judicial district of the United States by . . . doing any of the following: [1] delivering a copy of the summons *and of the complaint* to the individual personally; [or] [2] leaving a copy *of each* at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Fed. R. Civ. P. 4(e)(2) (emphasis added).  Thus, Rule 4 requires that a defendant be served with a copy of both the Summons and the Complaint.

Here, the process server states, under penalty of perjury, that, on September 12, 2024, they left the *Summons* at Mr. Munguia's residence with a co-resident of suitable age and discretion, but does not state that they also left a copy of the Complaint.[1]  [Doc. 12].  Thus, the court is unable to ascertain whether defendant Ricardo Munguia was properly served.

Accordingly, on or before November 25, 2024, plaintiff Jane Doe is directed to submit evidence that, on September 12, 2024, the process server left a copy of both the Summons and the Complaint at Mr. Munguia's place of residence with a person of suitable age and discretion who also resides there.

Further, in the Complaint, plaintiff asserts a claim for intentional infliction of emotional distress, but she does not seek default judgment as to that cause of action.  *See generally* [Doc. 16].  Thus, on or before November 25, 2024, plaintiff Jane Doe shall file a Notice advising the court as to whether the intentional infliction of emotional distress claim may be deemed abandoned and dismissed.

## IV.   Conclusion

WHEREFORE, the Motion for Leave to Appear Anonymously [Doc. 3] of plaintiff Jane Doe is granted.

IT IS FURTHER ORDERED that the Motion for Default Judgment [Doc. 16] of plaintiff Jane Doe is held in abeyance pending evidence that plaintiff Jane Doe served defendant Ricardo Munguia with a copy of both the Summons and the Complaint and plaintiff's Notice as to her intentional infliction of emotional distress claim.

---

[1] Likewise, the process server states that they "delivered the documents," but does not explicitly state that the "documents" included the Complaint.  [Doc. 12].

DATED this 14th day of November, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE