## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JANE DOE,                                )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )          Case No. 24-CV-00394-GKF-SH
                                         )
RICARDO MUNGUIA,                         )
                                         )
            Defendant.                   )

## ORDER

This matter comes before the court on the Motion for Default Judgment [Doc. 16] of plaintiff Jane Doe.

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Savs. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). "[A] default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)). "And 'service of process [under Fed.R.Civ.P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.'" *Hukill*, 542 F.3d at 797 (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992)).

Plaintiff asserts that Mr. Munguia was properly served by leaving a copy of the Summons at defendant Ricardo Munguia's residence with a person of suitable age and discretion who resides at the home and by mailing a copy of the Summons to Mr. Munguia's last known address. *See* [Doc. 12]. Pursuant to Federal Rule of Civil Procedure 4(e)(2),

in individual . . . may be served in a judicial district of the United States by . . . doing any of the following: [1] delivering a copy of the summons *and of the complaint* to the individual personally; [or] [2] leaving a copy *of each* at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.

Fed. R. Civ. P. 4(e)(2) (emphasis added). Thus, Rule 4 requires that a defendant be served with a copy of both the Summons and the Complaint.

Here, plaintiff provided evidence that, on September 12, 2024, the process server left the *Summons* at Mr. Munguia's residence with a co-resident of suitable age and discretion, but did not provide evidence that the process server also left the *Complaint* at the residence. [Doc. 12]. Thus, based on the information provided, the court was unable to ascertain whether Mr. Munguia was properly served. Accordingly, on or before November 25, 2024, the court directed plaintiff Jane Doe to submit evidence that, on September 12, 2024, the process server left a copy of both the Summons and Complaint at Mr. Munguia's place of residence with a person of suitable age and discretion who also resides there. [Doc. 17].

The deadline for plaintiff to submit evidence as to service has lapsed and nothing further has been filed. Absent additional evidence, the court is not satisfied that it has personal jurisdiction over defendant Ricardo Munguia and therefore plaintiff's motion for default judgment is denied. *See Hukill,* 542 F.3d at 797.

WHEREFORE, the Motion for Default Judgment [Doc. 16] of plaintiff Jane Doe is denied without prejudice to its reassertion.

IT IS SO ORDERED this 26th day of November, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE